IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CESAR BARROS, | : CIVIL ACTION NO. 1:14-CV-1746 |
| Plaintiff, | : (Judge Kane) |
| v. | : (Magistrate Judge Saporito) |
| JOHN E. WETZEL, Secretary of Corrections, | : |
| Defendant. | : |

REPORT AND RECOMMENDATION

I. Background.

On September 8, 2014, Plaintiff, Cesar Barros ("Barros"), a *pro se* prisoner at the State Correctional Institute at Retreat ("SCI-Retreat"), filed this §1983 civil rights action. Barros alleged that Defendant, John E. Wetzel, Secretary of the Pennsylvania Department of Correction, violated his First Amendment free exercise of religion rights by failing to provide him with his gluten free meal as a Ramadan evening meal and by further, not allowing him to take his gluten free meal back to his cell to eat at the appropriate time. (Doc. 1). Barros does not specifically cite the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc, *et seq.*; however, it appears

that he is alleging a violation of the statute.[1] (*Id.*). As relief, plaintiff requests declaratory and injunctive relief. (*Id.* at 3).

We granted plaintiff's *in forma pauperis* motion and directed the United States Marshal Service to serve plaintiff's complaint on defendant. (Doc. 8). After we granted the defendant's motion for leave to file a motion to dismiss *nunc pro tunc,* on January 22, 2015 the defendant filed the instant motion to dismiss plaintiff's complaint for failure to state a claim. (Doc. 16). The motion alleges that Barros's claim is barred based upon this court's ruling in Payne v. Doe, No. 3:12-CV-02243 (M.D.Pa. Jan. 12, 2015), and that Barros failed to allege sufficient facts substantiating the defendant's personal involvement. The parties have briefed the issues for our consideration. The motion to dismiss is ripe for disposition. (Doc. 16).[2] For the reasons set forth below, we recommend that the motion to dismiss and the request for preliminary injunction be denied.

---

1. Barros filed a motion for expedited preliminary injunction (Doc. 26) wherein he asserts that his complaint is brought pursuant to RLUIPA. We will address his request for a preliminary injunction.

2. The undersigned has been assigned this case for pre-trial matters pursuant to 28 U.S.C. §636(b)(1)(A).

II.	Rule 12(b)(6) Motion to Dismiss Standard:

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack of facial plausibility." Warren Gen. Hosp. Amgen, 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Although the court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Baluski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980); Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to

notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991); <u>Anchorage Assocs. v. Virgin Islands Bd. of Tax Review</u>, 922 F.2d 168,174 (3d Cir. 1990). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd</u>., 551 U.S. 308, 322 (2007).

III. <u>Allegations of Plaintiff's Complaint</u>.

Barros avers that the defendant has directed every state correctional institute in Pennsylvania to stop accommodating every inmate with documented needs for holy observance of fasting. (Doc. 1 at 3). Barros, who receives a medically necessary gluten-free diet, asserts that the food services department at SCI Retreat was directed not to change the Ramadan evening meals to accommodate him. (<u>Id</u>.). He further states that he was forced to choose between fasting without the benefit of gluten-free meals or violate his religion by not fasting at all,

but receiving his gluten-free meals. Barros did not suspend his gluten-free diet and participated in the fast of Ramadan without any food accommodations. (Id.). He was compelled to take the special dietary food back to his cell in order to eat after the sun set. (Id.). Barros was caught with the food items and received a misconduct for taking unauthorized food from the dining room and was sanctioned with a two-week loss of commissary privileges. (Id.). He avers that both Muslim and Jewish inmates at SCI Retreat who are participating in a religious fast are permitted to take their meals back to their cells to eat at the appropriate time. (Id.). He further avers that he is not allowed to receive his medically necessary gluten-free meal as a Ramadan evening meal or to take the gluten-free meal back to his cell to eat at the appropriate time. (Id.). Finally, he claims that he cannot be accomodated because the "Central Office's course of action has prevented an institution from conducting a case-by-case consideration of this matter." (Id.)

Plaintiff correctly recognized (Doc. 1 ¶8 ) that jurisdiction of this court is pursuant to 28 U.S.C. §1331 and his request for declaratory relief is authorized by 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

IV.     Discussion:

    1.     Lack of Personal Involvement

The defendant has moved for the dismissal of all claims against him for lack of personal involvement in the alleged violations of Barros's federal constitutional and statutory rights. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (addressing § 1983 claims); see also Lovelace v. Lee, 472 F.3d 174, 193 (4th Cir. 2006) (extending this requirement to RLUIPA claims); Ciempa v. Jones, 745 F. Supp. 2d 1171, 1200 (N.D. Okla. 2010) (RLUIPA); Goodvine v. Swiekatowski, 594 F. Supp. 2d 1049, 1058 (W.D. Wis. 2009) (RLUIPA). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207.

The defendant contends that this action against him should be dismissed for lack of personal involvement because he played no role whatsoever in issuing or reviewing a misconduct received by the

plaintiff for taking unauthorized food from the dining room at SCI Retreat. But the defendant's focus on Barros's misconduct is misplaced. The complaint alleges that defendant Wetzel, Secretary of the Pennsylvania Department of Corrections, affirmatively directed that every state correctional institution in Pennsylvania stop accommodating inmates with documented special dietary needs for observance of religious fasting requirements. Barros alleges that he received the misconduct as a result of Secretary Wetzel's policy directive.

It is apparent that Barros is not so much concerned about receiving a misconduct as he is about being able to observe Ramadan. We find that at this stage of the proceedings, Barros has pleaded sufficient facts to allege defendant's personal involvement.

Accordingly, it is recommended that the defendant's motion (Doc. 16) be denied with respect to the personal involvement issue.

    2.    RLUIPA Claim

Under RLUIPA "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of

the burden on that person . . . is in furtherance of a compelling governmental interest; and . . . is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1. RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); see also Cutter v. Wilkinson, 544 U.S. 709, 715 (2005).

Although Congress intended RLUIPA to be construed "in favor of broad protection of religious exercise," 42 U.S.C. § 2000cc-3(g), it also "anticipated that courts would apply the Act's standard with 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Cutter, 544 U.S. at 723. Given this perceived intent, the Supreme Court held that when "requests for religious accommodation become excessive, impose unjustified burdens on other institutionalized persons, or jeopardize the effective functioning of an institution, the facility would be free to resist the imposition." Cutter, 544 U.S. at 726.

As a threshold matter, the Court notes that RLUIPA does not permit claims against government employees in their individual capacities. Sharp, 669 F.3d at 153–54. A RLUIPA cause of action is an official-capacity claim for declaratory and injunctive relief against the defendant, as the DOC official responsible for promulgating the statewide departmental policy on inmate observance of Ramadan.

Turning to the merits of Barros's RLUIPA claim against the defendant, the Third Circuit has adopted a two-step, burden-shifting analysis for such claims. Initially, "[a] plaintiff-inmate bears the burden to show that a prison institution's policy or official practice has substantially burdened the practice of the inmate's religion." Washington v. Klem, 497 F.3d 272, 277–78 (3d Cir. 2007).

> For the purposes of RLUIPA, a substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

Washington, 497 F.3d at 280.

Once the inmate has satisfied his burden of showing that his religious practice has been substantially burdened, the burden then shifts to the defendant "to show that the policy is in furtherance of a compelling governmental interest and is the least restrictive means of furthering this interest." Washington, 497 F.3d at 283. This second step, however, is generally not pertinent at the dismissal stage, where review is limited to the facts pleaded by the plaintiff. See, e.g., Yates v. Painter, 306 Fed. Appx. 778, 780 (3d Cir. 2009); Foster v. Ouachita Corr. Ctr., Civil Action No. 07-1579, 2008 WL 4911150, at *3 (W.D. La. Nov. 14, 2008).

"For purposes of the Motion to Dismiss, plaintiffs must simply offer some evidence of a substantial burden." See Taylor v. Cox, 912 F. Supp. 140, 145 (E.D. Pa. 1995); see also Hartmann v. Cal. Dep't of Corr & Rehabilitation, 707 F.3d 1114, 1125 (9th Cir. 2013) ("To survive a motion to dismiss on their RLUIPA claim, plaintiffs must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden" on the exercise of their religious beliefs."); cf. McEachin v. McGuinness, 357 F.3d 197, 202 (2d Cir. 2004) (noting that demonstrating "substantial burden" at the

dismissal stage "is not a particularly onerous taste").  Barros has alleged that the policy at issue, promulgated by the defendant, has forced him to choose between receiving a Ramadan evening meal that does not comply with his medically necessary gluten-free therapeutic diet or a gluten-free therapeutic meal in the dining hall before sundown, which violates his religious tenets.  Barros alleges that, as a result of the policy promulgated by Secretary Wetzel, he is not permitted to take his gluten-free meal back to his cell to eat after sundown, which would permit him to comply with the requirements of his religious beliefs.  He alleges that he has, in fact, received a misconduct and has been sanctioned for attempting to do so.  Accepting these fact allegations as true, as we must on a motion to dismiss, and viewing them in the light most favorable to the plaintiff, we find that Barros has alleged sufficient facts to plausibly show that the challenged policy and the practices it engenders impose a substantial burden on the exercise of Barros's religious beliefs.[3]

---

3.
  The defendant argues that this Court's prior decision in Payne v. Doe, No. 3:12-cv-02243 (M.D. Pa. Jan. 12, 2015) (Mariani, J.), is controlling in this case.  But the Payne decision is simply inapposite.  Payne was decided on summary judgment, on the basis of evidence; this

3. Request for Preliminary Injunction

Barros has requested a preliminary injunction. (Doc. 26). As Ramadan has passed, we deem the request moot and will recommend that the request for a preliminary injunction be denied. However, we will recommend that the denial be without prejudice in the event that this litigation remains pending and Barros finds himself in a similar situation when Ramadan is observed in 2016.

---

case is presently before the Court on a Rule 12(b)(6) motion to dismiss, with review limited to the facts alleged in the complaint itself. Moreover, the inmate in Payne was permitted to take his therapeutic meal tray to his cell and eat it after sundown, which Judge Mariani found to be a de minimis burden as the only impact of this practice was that the inmate was forced to eat his therapeutic meal cold; here, Barros has alleged that he is not permitted to take his therapeutic meals back to his cell to be eaten after sundown, which has forced him to decide between receiving a therapeutic meal or a religious meal. In any event, while the Payne decision may be persuasive authority in this separate case, it is not binding. See Camreta v. Greene,131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1371 & n.7 (3d Cir. 1991); Grudkowski v. Foremost Inc. Co., No. 3:12-1847, 2013 WL 816666, at *8 n.1 (M.D. Pa. Mar. 5, 2013).

V.	Recommendation.

Accordingly, for the reasons set forth above we recommend that the defendant's motion to dismiss (Doc. 16) be denied.  We further recommend that the plaintiff's request for preliminary injunction (Doc. 26) be denied without prejudice.

>	*s/ Joseph F. Saporito, Jr.*
>	**JOSEPH F. SAPORITO, JR.**
>	**United States Magistrate Judge**

**Dated: August 5, 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CESAR BARROS, | : CIVIL ACTION NO. 1:14-CV-1746 |
| Plaintiff, | : (Judge Kane) |
| v. | : (Magistrate Judge Saporito) |
| JOHN E. WETZEL, Secretary of Corrections, | : |
| Defendant. | : |

NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 5, 2015.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute wavier of any appellate rights.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: August 5, 2015**