IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CESAR BARROS, | : | |
|     Plaintiff | : | No. 1:14-cv-01746 |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| JOHN E. WETZEL, | : | |
|     Defendant | : | (Magistrate Judge Saporito) |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Defendant's motion to dismiss Plaintiff's complaint (Doc. No. 16), Plaintiff's motion for a preliminary injunction (Doc. No. 26), and Magistrate Judge Saporito's Report and Recommendation on those two motions (Doc. No. 34). Magistrate Judge Saporito recommends that the Court deny both motions. (Id.) Plaintiff filed an objection on August 18, 2015. (Doc. No. 35.) Defendant filed no objections.

Plaintiff objects to Magistrate Judge Saporito's recommendation that the preliminary injunction be denied as moot. (Doc. No. 35 at 1-2.) According to Plaintiff, while his injuries suffered during Ramadan in 2014 and 2015 have passed, he will suffer the same injury again in 2016 if the allegedly wrongful conduct is not enjoined. (Id.)

Magistrate Judge Saporito recommends that the Court deny Plaintiff's motion for a preliminary injunction because the basis of Plaintiff's irreparable injury – that prison policies would interfere with his observance of Ramadan – became moot once Ramadan ended. (Doc. No. 34 at 12.) In his objection, Plaintiff argues that, while Ramadan has passed for 2014 and 2015, his request for a preliminary injunction should not be denied, because, absent a change in

1

policy, his observance of Ramadan in 2016 will be similarly impaired.[1] (Doc. No. 35 at 1-2.)
Granting a preliminary injunction is within the discretion of the district court, and is only warranted when a movant can establish: (1) a reasonable probability of success on the merits of the underlying action; and (2) that the movant "will be irreparably injured pendente lite if relief is not granted to prevent a change in the status quo." Acierno v. New Castle Auth., 40 F.3d 645, 653 (3d Cir. 1994). When relevant, a court will also consider the harm potentially caused to the non-moving party should the injunctive relief issue as well as the broader public interest. Id.

In the present case, Plaintiff cannot show that he will be injured with the requisite immediacy to warrant a preliminary injunction at this time, because the resolution of this case before the next observance of Ramadan would suffice to protect Plaintiff's interests. In addition, as noted by Magistrate Judge Saporito, Plaintiff is free to re-raise his motion for a preliminary injunction in the future, if this case remains unresolved as the next Ramadan observance approaches.

**ACCORDINGLY**, on this 28th day of September 2015, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of Magistrate Judge Saporito (Doc. No. 34) is **ADOPTED**;

2. Plaintiff's objection (Doc. No. 35) is **OVERRULED**;

3. Defendant's motion to dismiss (Doc. No. 16) is **DENIED**;

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

4. Plaintiff's motion for a preliminary injunction (Doc. No. 26) is **DENIED** as moot; and

5. This case is referred back to Magistrate Judge Saporito for disposition of pending discovery motions and further pre-trial management.

    S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania